IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Renjie Wan,<br><br>        Plaintiff,<br><br>v.<br><br>The Defendants Identified on Schedule A,<br><br>        Defendant. | Case No. 26-cv-832<br><br>**COMPLAINT** |

**COMPLAINT**

1. Plaintiff Renjie Wan ("Plaintiff") hereby brings the present action against Defendants identified on Schedule A in <u>Exhibit 1</u> attached hereto ("Defendants"). Plaintiff files this action against Defendant for the alleged infringement upon Plaintiff's trademark "seaplenn" with Reg. No. 6,517,696 ("Asserted Trademark") by having manufactured, importing, offering for sale, and selling products that used the Asserted Trademark ("Counterfeiting Products") through online commerce platforms ("Online Marketplaces"). In support of its claims, Plaintiff alleges as follows:

**I. JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a)-(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391, and this Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Illinois, through the fully interactive e-

1

commerce store operating under the seller alias identified on Schedule A attached hereto (the "Alias").

4. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores on online platforms. On information and belief, Defendant has sold Counterfeiting Products to residents of Illinois and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

5. Plaintiff is forced to file this action to combat Defendants' counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing Counterfeiting Products over the Internet.

## II. THE PARTIES

6. Plaintiff is an individual resides in China. Plaintiff has registered the Asserted Trademark in 2021. It covered Class 90 products, includes smartwatches. *See* Exhibit 2.

7. Commencing from 2022, Plaintiff gradually accumulated popularity of the mark, but subsequently found a concerning decline in its sales figures. This negative trend continued to the more recent period. Subsequent to this discovery, a thorough investigation into the underlying causes was initiated. The investigation revealed numerous online retail stores offering products using the mark. Declaration of Renjie Wan ("Wan Decl."), at ¶ 2-4.

8. These third-party online stores operated without authorization to utilize the relevant trademark(s) associated with the products. Despite the lack of legal entitlement, these entities persist in the unauthorized sale of the products in question. This trademark infringement has directly resulted in substantial and ongoing financial losses for the entity, encompassing significant

revenue diversion and erosion of market share. The cumulative impact represents a considerable and quantifiable detriment to the entity's interests. Wan Decl., at ¶ 5.

9. Defendants are individuals, partnerships, unincorporated associations, and/or business entities of unknown makeup, each of whom, upon information and belief, reside or operate in foreign jurisdictions. As stated above, Defendants and any known aliases are identified in <u>Schedule A</u> attached in <u>Exhibit 1</u>. Plaintiff is still investigating the infringers and may amend schedule A accordingly after acquiring the information.

10. On information and belief, defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure Rule 17(b). Certain Aliases under which Defendants operate their e-commerce stores are not linked or associated to the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that Defendants employed such tactics to conceal their identities and true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding the Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

### III. DEFENDANTS' UNLAWFUL CONDUCTS

11. Defendants were promoting, advertising, marketing, distributing, offering for sale, and selling Counterfeiting Products with the Asserted Trademark. Each of Defendants is using the Asserted Trademark in title or description of the products. *See* <u>Exhibit 3</u>.

12. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from

U.S. bank accounts and, on information and belief, have sold Counterfeiting Products to residents of Illinois. *See* Exhibit 3.

13. Defendants are proper joinders of the action at this preliminary pre-discovery stage. Under Rule 20 of Federal Rules of Civil Procedure, multiple parties may be joined in one action as defendants if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.

14. Defendants' importation, offering for sale, and/or selling Defendants' Products in the United States all arise from the same transaction, occurrence, or series of transactions or occurrences. Upon information and belief, Defendants are working to knowingly and willfully infringe the trademark in the same transaction, occurrence, or series of transactions or occurrences.

## COUNT I
## Trademark Infringement and Counterfeiting 15 U.S.C. § 1114

15. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

16. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered Asserted Trademark in connection with the sale, offering for sale, distribution, and/or advertising of Counterfeiting Product goods.

17. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Asserted Trademark without permission from Plaintiff.

18. Plaintiff is the exclusive owner of the Asserted Trademark. Plaintiff's United States Registrations for the Asserted Trademark is in full force and effect as shown in Exhibit 2.

Defendants' willful, intentional, and unauthorized use of the Asserted Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeiting Products among the general public.

19. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeiting Products.

## COUNT II
### False Designation of Origin 15 U.S.C. § 1125(A)

20. Plaintiff realleges and incorporates by reference paragraphs above, inclusive, as though fully set forth herein.

21. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

5

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

22. Defendants' promotion, marketing, offering for sale, and sale of Counterfeiting Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeiting Products by Plaintiff.

23. By using the Asserted Trademark in connection with the Counterfeiting Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeiting Products.

24. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeiting Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not expressly authorized by Plaintiff and that use the Asserted Trademark;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Asserted Trademark; and

...

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including any online marketplace platforms (the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe the Asserted Trademark;

(3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Asserted Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

(4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $1,000,000 for each and every use of the Asserted Trademark;

(5) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a); and

(5) Award any and all other relief that this Court deems just and proper.

Dated January 26, 2026.

Respectfully submitted
By: /s/ *Huicheng Zhou*
Bar No. 350005
Phone: 909-284-1929
2108 N ST STE #8330
Sacramento, CA 95816
Huicheng.zhou@aliothlaw.com
*Attorney for Plaintiff*