**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Renjie Wan, | Case No. 26-cv-832 |
| Plaintiff, | |
| v. | |
| The Defendants Identified on Schedule A, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**

**<u>MOTION FOR ELECTRONIC SERVICE AND EXPEDITED DISCOVERY</u>**

Plaintiff Renjie Wan ("Plaintiff") submits this Memorandum in support of its Motion for Electronic Service and Expedited Discovery.

**TABLE OF CONTENTS**

I.    INTRODUCTION AND SUMMARY OF ARGUMENTS ........................................ 3

II.    STATEMENTS OF FACTS ....................................................................................... 3

    A.   Plaintiff's trademark ...................................................................................... 3

    B.   Defendant's unlawful activities ..................................................................... 4

III.    ARGUMENT ............................................................................................................ 4

    A.   Plaintiff is entitled to expedited discovery ................................................... 4

    B.   Plaintiff is entitled to electronic service of process ..................................... 5

IV.    CONCLUSION ......................................................................................................... 7

## I.    INTRODUCTION AND SUMMARY OF ARGUMENTS

Plaintiff is requesting the relief based on an action for trademark infringement against the defendants identified on Schedule A (collectively, the "Defendants"). As set forth in the Complaint, Plaintiffs allege that, through online commerce platforms (collectively, "Online Marketplaces"), Defendants have (1) infringed, and continue to infringe, Plaintiff's trademark "seaplenn" with Reg. No. 6,517,696 ("Asserted Trademark") by manufacturing, distributing, importing, offering for sale, and/or selling products using the Asserted Trademark.

Plaintiff has suffered harm and will continue to do so unless this Court assists Plaintiff with accelerating the process to enjoin Defendants. Accordingly, Plaintiff seeks (1) electronic means of service; and (2) expedited discovery.

## II.    STATEMENTS OF FACTS

### A.    Plaintiff's trademark

Plaintiff is the lawful owner of the Asserted Trademark. The Asserted Trademark was registered on Nov 16, 2021. A true and accurate copy of the Asserted Trademark is attached as Exhibit 2 to the Complaint. The registration for the Asserted Trademark constitutes prima facie evidence of their validity and of Plaintiff's exclusive right to use the Asserted Trademark pursuant to 15 U.S.C. § 1057(b).

Products have continuously have been sold under the trademark. As a result of this long-standing use, strong common law trademark rights and goodwill have amassed in the Asserted Trademark. Now, despite the right of exclusivity, Plaintiff has been forced to compete with Defendants' counterfeiting products in the market.

**B.     Defendant's unlawful activities**

Defendants are foreign-based individuals, partnerships, unincorporated associations, and/or business entities of unknown makeup, each of whom, reside or operate in foreign jurisdictions and manufacture, distribute, import, offer for sale, and/or sell products, including Defendants' Products, from the same or similar sources in those foreign locations. Defendants' Products are sold through Online Marketplaces. Defendants have engaged in or are engaged in manufacturing, distributing, importing, offering for sale, and/or selling products which counterfeits Asserted Trademark.  Plaintiff's sales of own products have been negatively affected due to Defendants' Trademark Infringement and Counterfeiting as alleged herein and within the Complaint.

**III.    ARGUMENT**

In cases involving intellectual property rights that have multiple online sellers infringing the rights, the necessity of equitable relief has been well-established. Many attorneys have realized the issue and have made multiple declarations in relevant cases to support the issuance of equitable relief including alternative service and expedited discovery. *See* Exhibits 1 and Exhibit 2. Meanwhile, there is no treaty between the United States and China establishing recognition of judgments from United States courts in China, further rendering enforcement of judgment more difficult. *See* Exhibit 1.

**A.     Plaintiff is entitled to expedited discovery**

Federal courts possess the authority, at their discretion, to order the discovery of facts necessary to determine their jurisdiction or ability to adjudicate the merits of a case. *Vance v. Rumsfeld*, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007). This discretionary power grants

courts significant flexibility in deciding whether to allow a party's discovery request. Id. Notably, courts maintain broad control over the scope of discovery and may authorize it for specific purposes, such as identifying unknown defendants or critical evidence. *See* Fed. R. Civ. P. 26(b)(2).

Here, Plaintiff seeks expedited discovery to obtain the identities and contacts of Defendants. This request is narrowly tailored to address urgent circumstances and prevent further harm.

**B.     Plaintiff is entitled to electronic service of process**

Authorizing service of process via electronic means will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment against them.

Most e-commerce platforms require sellers to provide an e-mail address and physical address when registering their account. However, any verification that may occur for physical addresses is likely not as reliable as e-mail address verification since an e-commerce store operator can input any physical address and it is nearly impossible for platforms to verify it cross the border. In comparison, e-commerce store operators must provide a valid e-mail address to customers for completing payment and/or managing their e-commerce stores.

Moreover, E-commerce platforms are also required to obtain a working e-mail address from sellers under the INFORM Consumers ACT. *See* 15 U.S.C. § 45f. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Gianni Versace, S.P.A. v. P'Ships, et al.*, 2019 U.S. Dist. LEXIS 94989, at *3 (N.D. Ill. Feb. 27, 2019 (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant was "constitutionally acceptable." *Id*. at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id*. This mirrors the present situation.

Plaintiff has good cause to suspect the Defendants are all residents of China. The People's Republic of China is signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention").

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id*. United States District Courts, including Courts in this District, routinely permit alternative service of process notwithstanding the Hague Convention. *See e.g., Peanuts Worldwide LLC v. P'ships, et al.*, 347 F.R.D. 316, 329 (N.D. Ill. 2024); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009); *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016).

The Hague Convention also does not preclude service by e-mail. *See e.g., Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies*, LLC, 295 F.R.D. 259, 261 (S.D. Ohio 2013); *Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *6–7 (N.D. Cal. Mar. 27, 2012).

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule

4(f)(3). Rio Props., 284 F.3d at 1014–15. As in Rio Properties, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id*. at 1014.

Also, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreements that United States is a party. There are no other limitations or requirements. *Id*. Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather an ordinary means by which an international defendant may be served. *Id*.

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to serve Defendants electronically.

## IV.    CONCLUSION

In view of the foregoing and consistent with previous similar cases, Plaintiff requests that the Court enter an Order in the form submitted herewith.

Dated January 28, 2026.

> Respectfully submitted
> By: /s/ *Huicheng Zhou*
> Bar No. 350005
> Phone: 909-284-1929
> 2108 N ST STE #8330
> Sacramento, CA 95816
> Huicheng.zhou@aliothlaw.com
> *Attorney for Plaintiff*